Good morning, Your Honor. I'm Michael Severo, and I represent the petitioners, including myself. May it please the Court, the government in this case asks this Court to announce a bright applicable during the entirety of the bankruptcy proceeding. And that is to say, irrespective of whether the automatic stay is applicable, the government seeks a much broader application of that statute. Is there a difference here between an asset versus no asset bankruptcy? There seems to be some discussion in our case law about that. Yes. McCauley seemed to have, which is the case that we had originally relied upon, to say that there are no assets, there is no real reason to hold, to continue to suspend the statute beyond the first meeting of creditors. And the difference, of course, is if there are assets, and those assets can be worked through the bankruptcy, then there is a possibility that the IRS, the Commissioner, will recover from the assets in the estate when there isn't any. Doesn't section 362 of the automatic stay statute distinguish between a stay against proceeding against the debtor's assets in some situations and a stay against proceeding against the debtor in other circumstances? I think we tried to make that distinction available to the tax court, but it didn't seem to make a difference. I think it does. Well, if the automatic stay prohibits the Commissioner from collecting against the debtor, why should not the period that the Commissioner is unable to proceed against the debtor be excluded from the running of the statute of limitations? Well, because if there are assets that are accumulated post-petition, those assets are available, irrespective of the automatic stay, because the automatic stay is available. How does the Commissioner proceed to collect those post-petition assets if there is a stay against actions against the debtor? Well, I think that the problem there is one of mechanics. I'm not exactly sure how the Commissioner would do that, mechanically speaking, but it isn't very difficult to ascertain bank accounts without even calling the debtor in for an examination. Bank accounts, real property acquired, vehicles, those sorts of things are readily available. Now, if, and I think this is also part of the government's argument, that the stay against the debtor overshadows everything else, and therefore there is never an ability by any proceeding against the debtor, him or herself. So I'm, and that's not a question that I didn't give some time to, because it, obviously there is some nebulous distinction between one thing or the other, but if there are assets available and the assets and the tax is not dischargeable, there is nothing stopping, I don't believe 362A.6 stops anything from, stops the Commissioner from going after post-petition assets. What about 362A.1? I'm sorry, sir? What about 362A.1? I don't, even A.1 does not. I don't believe there is anything in A.1. A.1 prohibits the issuance of any process, doesn't it? Any process. How would you issue an attachment or a garnishment or any other type of levy against assets and not run afoul of that session? Because you don't, I think you have to go back and see whether the automatic stay applies to the particular, and that's what 362A.1 applies, is you look at that particular asset and determine whether it's property of the estate or it isn't. If it is not a bankruptcy within the bankruptcy estate, if it is not, then the automatic stay, 362 doesn't apply at all. Well, 362A.1, the way I read it, says that once a debtor files for protection, the no-creditor may issue process to recover a claim against the debtor that arose before the commencement of the action. That's true, except that the, and I think it's not disputed, that that does not apply where the object of the process is an asset that is not covered by the automatic stay. Can you point to some authority that helps you out with that? Well, I mean, there are plenty of cases that have said that in, there's a case out of Florida, Plexus Enterprises, that specifically states, and that's a 289 Bankruptcy Reporter 778, specifically states that implicit in the language of 11 U.S.C. 362 is that the stay is granted to a debtor against all property of the debtor at the commencement of its case, not during the bankruptcy case of the debtor when it acquired post-petition property. So that particular statement specifically addresses what does 362 cover and what it does not cover. And that is exactly the petitioner's position has been, was in the court below, that there are certain, the way that Congress worded the statute could not possibly be read to say until he's discharged, because that's not what Congress said. Congress said as long as the commissioner is prevented from collecting. Could have said until discharge, could have said until termination of a bankruptcy case, but it didn't. It simply said as long as it is prevented from collecting. And that is a recognition of the principle that the automatic stay is not all-encompassing. Well, I'm not sure that I agree with your reading of 362. 362c says that a stay against the property of the debtor continues until the property is no longer property of the estate. Right. A stay against any other action, meaning I suppose any action against the debtor himself, persists until the case is closed, dismissed, or discharged as planned. That may be true. That's true. To the extent, and that's the to the extent that the stay continues, and we're talking about property of the estate, we're not talking about, and I don't know if I've made that distinction clear. The distinction is that the debtor is a new entity after its post-petition. It, she, he acquires a new set of assets. And those assets are available to the commissioner where the tax is not dischargeable. And that's not, I think that the coverage of 362 doesn't extend to, even while the debtor is in bankruptcy, as other assets are acquired post-petition, those have to be available to the commissioner in a non-dischargeable case. I don't, in this particular case, the estate came into being in 1994. It took four years for a discharge to happen. But in the interim, it was converted to a Chapter 7 in one year. A meeting of creditors- I'm just curious, did this start as an 11 or a 13? It started as an 11. So clearly, while it's an 11, and in reorganization, the stay is all-encompassing, I believe, in that respect. Once it turns into a Chapter 7, and there is a no asset determination in 95, I took the bankruptcy court two and a half years to issue its discharge. But that's a two and a half year period where nothing is happening. And it is, I think, fundamentally unfair to say that the commissioner, knowing that it has a non-dischargeable obligation, sits back during that period of time and is allowed to wait until a discharge is issued before it can take action. I don't believe that's the intent of the statute. I don't believe that a reading of a congressional debate even suggests that. And some of the cases, and there are cases, I've read cases everywhere, including in Ray West, where this court said that, generally speaking, the statute applies in another setting. But no court has addressed the issue of when does the automatic stay stop? Or if the automatic stay is not applicable, is there a suspension of the statute of limitations? Counsel, we have the issue in mind. Your time has expired. It has? Wow. Thank you. We'll hear from you. Thank you. May it please the court, I'm Curtis Pett representing the commissioner. Your honors, it is undisputed that the statute of limitations on the collection of an assessment is suspended for the period during which the IRS is prohibited from collecting against the taxpayer by the automatic stay. The statute clearly provides that the automatic stay extends from the filing of the bankruptcy petition until the discharge is entered or the case is closed or dismissed. Do you believe there was a mechanism for the commissioner to collect the unpaid tax from post-petition assets of the debtor and still comply with the provisions of 362? The commissioner could have moved to the- Other than that? No, I don't believe so. No, I think under the case law that we cited at pages 14 to 15, and the language of the statute is quite clear, that the automatic stay prevents any actions against the debtor to collect a pre-petition debt. So the taxpayers attempt to limit the automatic stay and thus the tolling period to actions to collect against assets of the bankruptcy estate simply runs contrary to the language of the bankruptcy code. With respect to the second issue, the dischargeability, it is undisputed that the return in question fits squarely within the exception from discharge for returns that are due within the three-year period preceding the filing of the bankruptcy petition. And the fact that the return did not satisfy other exclusions from discharge does not change the fact that it fit within that exception and that it was non-dischargeable for that reason. And it's your view that that exception applies whether the return was late or not, correct? That's correct, yes. Unless the court has any further questions, that concludes my comments. I have nothing further. Thank you very much. The case just argued is submitted.
judges: Lawson, Hall, Tallman